IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JACKIE S. LOWERY,)
)
      Plaintiff,)
)
  -vs-) Civil Action No. 15-720
)
CAROLYN W. COLVIN,)
COMMISSIONER OF SOCIAL SECURITY,)
)
      Defendant.)

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 10 and 12). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 11, 13 and 16). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 10) and granting Defendant's Motion for Summary Judgment. (ECF No. 12).

**I.    BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income ("SSI") and disability insurance benefits ("DIB") pursuant to the Social Security Act ("Act"). Therein, Plaintiff asserted she had been disabled since June 8, 2012. (ECF No. 8-5, pp. 4, 11). Administrative Law Judge ("ALJ"), George A. Mills III, held a hearing on October 9, 2013. (ECF No. 8-2, pp. 31-83). On December 6, 2013, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 8-2, pp. 15-27).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 10 and 12). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the

impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity.  20 C.F.R. §404.1520.  The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406.  Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5).  *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing.  *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.    Residual Functional Capacity ("RFC")[1]

Plaintiff's main contention is that the ALJ erred in failing to incorporate her need to use a cane in the RFC.  (ECF No. 11, pp. 3-9).  In August of 2013, Plaintiff's treating doctor, Dr. Talaman, prescribed a quad or three prong cane for Plaintiff.  (ECF No. 8-13, p. 14).  The RFC did not include the use of a cane.  (ECF No. 8-2, p. 19).  Plaintiff argues this error was not harmless because if such a requirement was added to the RCF, then all jobs identified by the vocational expert ("VE") would be ruled out.  (ECF No. 11, pp. 3-9).  Thus, Plaintiff argues that remand is required.  *Id.*  I disagree.

In this case, the ALJ discussed the issue of the cane at length.  (ECF No. 8-2, pp. 15-27).  He noted that Plaintiff appeared at the hearing with the cane.  (ECF No. 8-2, p. 19). He further went on to indicate that in the August of 2013 treatment notes of Dr. Talaman, a cane

---

[1] RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).

3

was ordered. (ECF No. 8-2, p. 22). Dr. Talaman, however, did not offer an opinion on the circumstances during which the cane was needed and/or the impact of the use of the cane on Plaintiff's functional abilities. (ECF No. 8-13, p. 14). Thus, the ALJ engaged in an analysis to determine whether the use of the cane should be included in the RFC. (ECF No. 8-2, pp. 19-25). To that end, the ALJ found that the use of the cane is not supported by objective findings "and it is unclear if Dr. Talaman ordered the cane at the claimant's request or whether she felt it was medically warranted" because her medical records "consistently note the claimant was found to have a normal gait, and her physical examination findings were generally within normal limits," which the ALJ found undermines the medical requirement of a cane. (ECF No. 8-2, p. 22). In addition, the ALJ pointed out that, in June of 2013, the orthopedic evaluators assessed Plaintiff to be ambulating normally throughout the room and they recommended physical therapy but did not recommend a cane. *Id.* The ALJ also found that Plaintiff's treatment has been generally successful in controlling her symptoms and has been conservative in nature and further noted that Plaintiff is not receiving physical therapy and does not use a TENS unit. (ECF No. 8-2, pp. 21-22). Plaintiff also testified that she only takes over the counter medications for her pain. *Id.* at p. 22.

Based on the above, I find the ALJ appropriately and sufficiently explained in detail how the record evidence failed to support an RFC that required the use of a cane (internally inconsistent and inconsistent with other evidence of record). Contrary to Plaintiff's position, the ALJ's analysis was not a "lay analysis" but, rather, an appropriate analysis based on the evidence of record. Furthermore, I find that this is not a case where the ALJ was failed to develop the record. An "ALJ's duty to develop the record does not require a consultative examination unless the claimant establishes that such an examination is necessary to enable the ALJ to make the disability decision." *Thompson v. Halter,* 45 Fed.Appx. 146, 149 (3d Cir. 2002); 20 C.F.R. §§ 404.1517, 416.917. The evidence in the case was adequate for the ALJ to make a determination on the record before him such that he did not need to develop the record

4

further.[2]  The ALJ supported his decision regarding the cane with substantial evidence of record. (ECF No. 8-2, pp. 19-25).  Consequently, after careful review of the record, I find no error in this regard.

    An appropriate order shall follow.

---

[2] Plaintiff also argues that Plaintiff's medical history is consistent with the use of a cane.  (ECF No. 11, pp. 4-6).  To be clear, the standard is not whether there is evidence to establish Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's finding.  *Allen v. Bowen*, 881 F.2d 37, 39 (3d Cir. 1989).  Thus, this support for Plaintiff's argument is misplaced.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JACKIE S. LOWERY,)
)
    Plaintiff,)
)
 -vs-) Civil Action No. 15-720
)
CAROLYN W. COLVIN,)
COMMISSIONER OF SOCIAL SECURITY,)
)
    Defendant.)

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 18th day of July, 2016, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 10) is denied and Defendant's Motion for Summary Judgment (Docket No. 12) is granted.

                      BY THE COURT:

                      s/ Donetta W. Ambrose
                        Donetta W. Ambrose
                        United States Senior District Judge